UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:16-CR-110 HEA |
| ) | |
| ANTONIO STRONG, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation of Magistrate Judge John M. Bodenhausen, addressing Defendant Strong's Motion to Suppress [Doc. No. 31]. On March 9, 2017, an evidentiary hearing was held. In his March 23, 2017 Report and Recommendation, Judge Bodenhausen recommended that the Defendant's motion be denied. Defendant has filed written objections to this recommendation. For the reasons set forth below, the Court adopts Judge Bodenhausen's recommendation.

## LEGAL STANDARD

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)(A). Where it has been

shown that the magistrate judge's order is clearly erroneous or contrary to law, the Court may reconsider the matter. 28 U.S.C. §636(b)(1)(A). Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court reviews the findings of the magistrate *de novo*. The Court has reviewed the entire record for this purpose.

## DISCUSSION

Defendant objects to the Report and Recommendation by Judge Bodenhausen denying his Motion to Suppress on two grounds. First, Judge Bodenhausen found that the evidence seized during the search of a residence at 4535 Pennsylvania, St. Louis, MO, should not be suppressed because the search warrant was valid and supported by probable cause, to which the Defendant objects. Further, the report found that, even if the warrant was not valid and supported by probable cause, the search and evidence seized would be saved by the good faith exception found in *United States v. Leon*, 104 S.Ct. 3405, 3409 (1984), Defendant also objects to this finding. Defendant relies on his arguments set forth in his Objections filed on April 5, 2017.

On March 9, 2017, Judge Bodenhausen held an evidentiary hearing on the matter. Parties agreed that Defendant's arguments rest on the contention that the search of the 4535 Pennsylvania residence lacked probable cause. Both parties agreed that the issue could be resolved by reviewing the "four corners" of the affidavit in support of the warrant. Both parties declined to argue or further clarify

2

their respective positions and elected to stand on their previously submitted written positions.

Judge Bodenhausen rejected Defendant's arguments that the search warrant lacked probable cause. Defendant argues that because there is no mention in the affidavit regarding the credibility of the confidential informant, named in court documents as "J. Doe," the use of the informant is fatal. Further, Defendant argues that the investigation completed by the police to corroborate J. Doe's tip was "by itself" insufficient to support a finding of probable cause.

As Judge Bodenhausen concluded, the warrant-issuing judge determined that "under the totality of the circumstances, there [was] a fair probability evidence of a crime" would be found in the 4535 Pennsylvania residence. *United States v. Faulkner*, 826 F.3d 1139, 1144 (8th Cir. 2016). Police received a tip from J. Doe describing the alleged drug and gun activity from the informant's personal experience of purchasing heroin at the address. Police were able to determine, through the names and descriptions provided to them by the informant, the names of the suspects through a public records search. Police then showed the pictures of the suspects to the confidential informant who confirmed that the two persons were the suspects. J. Doe provided details into the protections the suspects took to avoid the police. Using that information, the police conducted a surveillance of the property and concluded that there was a high probability of drug trafficking.

Finally, police applied for a warrant and J. Doe, under oath and threat of perjury, swore to the statements he/she had provided to police.

Under these circumstances, it was reasonable for Judge Bodenhausen to conclude that the warrant issued was supported by probable cause. Defendant argues that because the police did not indicate that they had relied on J. Doe for tips before, the police could not conclude the tips were reliable. This contention ignores that the reliability of the information provided by an informant may "be established through independent corroboration or the informant's track record of providing trustworthy information." *United States v. Faulkner*, 526 F.3d 1139, 1144 (8th Cir. 2016). "If information from an informant is shown to be reliable because of independent corroboration, then it is a permissible inference that the informant is reliable and that therefore other information that the informant provides, though uncorroborated, is also reliable. *United States v. Keys*, 721 F.3d 512, 518 (8th Cir. 2013). Further, "it is well established that even the corroboration of minor, innocent details can suffice to establish probable cause." *Id*.

Additionally, as noted by Judge Bodenhausen, when an informant provides detailed information to the police in person, the officers receiving that information have the ability to further assess the informant's credibility, and the informant can be held responsible if the allegations are false. See *United States v. Braden*, 844 F.3d 794, 799 (8th Cir. 2016). Finally, J. Doe appeared before the warrant-issuing

4

judge in person, thus allowing the judge to also determine the credibility of J. Doe. The Defendant's objection is overruled.

The Court also reject's Defendant's argument that, had the warrant lacked probable cause, it could not be saved by *Leon*'s good-faith rule. Judge Bodenhausen found, and this Court agrees, that the officer's reliance on the warrant was valid. Important to this conclusion is the fact that J. Doe appeared before the issuing judge and initialed the affidavit, signaling that J. Doe not only believed the information, but was also willing to risk perjury for false allegations.

Judge Bodenhausen's conclusion that the warrant was supported by probable cause is based on sound legal analysis. The Court agrees with his conclusions in their entirety. The Recommendation is adopted *in toto*.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress, [Doc. No. ECF 31], is **DENIED**.

Dated this 20th day of April, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE